IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK AND ZELMA EMRIE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiffs Derek and Zelma Emrie (collectively, "Plaintiffs") are natural persons.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Client Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a

1

"debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Mr. Emrie is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Mr. Emrie's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Firestone auto repair shop personal account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In or about December 6, 2012, and in connection with the collection of the Debt, Defendant began placing calls to Plaintiffs.

12. Upon information and good-faith belief, Defendant failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

13. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Alicia Pride" ("Ms. Pride") placed a call to Mr. Emrie's cellular telephone on December 21, 2012, and at such time, spoke with Mr. Emrie.

14. During the conversation that ensued, Ms. Pride demanded payment towards the Debt from Mr. Emrie.

15. During the December 21, 2012 conversation, Mr. Emrie offered to pay $75.00 towards the Debt if Defendant stopped placing calls to Plaintiffs.

16. During the December 21, 2012 conversation, Ms. Pride represented to Mr. Emrie that Defendant will keep calling Plaintiffs until Plaintiffs agreed to a payment plan.

17. During the December 21, 2012 conversation, Mr. Emrie requested that Defendant provide Plaintiffs with written communication regarding the Debt.

18. During the December 21, 2012 conversation, Ms. Pride refused to send Plaintiffs written communication regarding the Debt, and further, stated that Defendant does not send out any letters.

19. During the December 21, 2012 conversation, Mr. Emrie made a payment of $75.00 towards the Debt.  (See Proof of Payment, attached as Exhibit A).

20. During the December 21, 2012 conversation, Defendant falsely represented that it cannot send any written communication to Plaintiffs.

21. Further, in the event that Defendant did provide the disclosures in its initial communication with Plaintiffs on or about December 6, 2012, the disclosures were overshadowed during the December 21, 2012 conversation by Defendant's demands for payment within the 30-day dispute period.

22. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Alicia Pride," placed a call to Mrs. Emrie's cellular telephone on January 14, 2013 at 2:00 P.M., and at such time, left the following voicemail message:

> Hi uh this is Alicia Pride, I was just calling, this call may be monitored. I'm trying to reach Mr. Derek Emrie please. Hello?

23. In connection with the collection of the Debt, Defendant placed a call to Mrs. Emrie's cellular telephone on January 18, 2013 at 9:46 A.M., and at such time, left the following voicemail message:

> [1 second of music] Hello?  Hello?

24. Defendant's January 14, 2013 and January 18, 2013 voicemail messages failed to notify Plaintiffs that the communication was from a debt collector.

25. Further, Defendant failed to disclose its true corporate and/or business name in its January 14, 2013 and January 18, 2013 voicemail messages.

26. By failing to disclose its true corporate and/or business name in its January 14, 2013 and January 18, 2013, and further, by failing to disclose that the communication was from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiffs.

27. In connection with the collection of the Debt, Defendant placed calls to Mrs. Emrie's cellular telephone, including, but not limited to:

- December 7, 2013 at 8:08 A.M.;
- January 14, 2013 at 2:00 P.M.;
- January 18, 2013 at 9:46 A.M.;
- January 24, 2013 at 9:30 A.M.;
- January 25, 2013 at 8:31 A.M.;
- January 26, 2013 at 8:13 A.M.l
- January 26, 2013 at 9:36 A.M.;
- January 28, 2013 at 2:21 P.M.;
- January 29, 2013 at 9:43 A.M.;
- January 29, 2013 at 10:18 A.M.;
- February 6, 2013 at 9:10 A.M.;
- February 6, 2013 at 4:33 P.M.;
- February 7, 2013 at 9:34 A.M.;
- February 8, 2013 at 9:17 A.M.;

4

- February 9, 2013 at 9:03 A.M.;
- February 11, 2013 at 1:35 P.M.;
- February 11, 2013 at 8:54 P.M.;
- February 12, 2013 at 9:30 A.M.;
- February 12, 2013 at 4:36 P.M.;
- February 13, 2013 at 9:05 A.M.;
- February 13, 2013 at 4:48 P.M.;
- February 14, 2013 at 9:21 A.M.;
- February 14, 2013 at 5:21 P.M.;
- February 16, 2013 at 9:21 A.M.;
- February 17, 2013 at 12:41 P.M.;
- February 18, 2013 at 2:28 P.M.;
- February 18, 2013 at 8:19 P.M.;
- February 19, 2013 at 5:23 P.M.;
- February 20, 2013 at 5:47 P.M.
- February 25, 2013 at 2:14 P.M.;
- February 25, 2013 at 8:12 P.M.;
- February 27, 2013 at 9:13 A.M.;
- February 28, 2013 at 9:04 A.M.
- February 28, 2013 at 5:02 P.M.
- March 1, 2013 at 3:30 P.M.
- March 2, 2013 at 9:08 A.M.;
- March 4, 2013 at 1:52 P.M.;
- March 5, 2013 at 9:30 A.M.;
- March 6, 2013 at 5:34 P.M.;
- March 7, 2013 at 9:10 A.M.;
- March 7, 2013 at 5:12 P.M.;
- March 8, 2013 at 9:18 A.M.;
- March 9, 2013 at 9:15 A.M.;
- March 11, 2013 at 2:28 P.M.;
- March 12, 2013 at 9:31 A.M.;
- March 18, 2013 at 1:42 P.M.;
- March 27, 2013 at 7:30 P.M.;
- April 3, 2013 at 6:22 P.M.;
- April 4, 2013 at 9:27 A.M.;
- April 5, 2013 at 11:46 A.M.;
- April 8, 2013 at 4:20 P.M.;
- April 12, 2013 at 11:38 A.M.;
- April 16, 2013 at 11:37 A.M.;
- April 20,2 013 at 11:38 A.M.; and
- May 30, 2013 at 9:47 A.M.

5

28.     During some of the above referenced telephone calls, Mrs. Emrie picked up and listened to a message delivered by Defendant using an artificial or pre-recorded voice.

29.     Upon information and good-faith belief, the telephones calls identified above were placed to Mrs. Emrie's cellular telephone using an automatic telephone dialing system.

30.     Defendant did not place any telephone calls to Mrs. Emrie for emergency purposes.

31.     Defendant did not have Mrs. Emrie's prior express consent to place telephone calls to her cellular telephone.

32.     Upon information and good-faith belief, Defendant placed the telephone calls to Mrs. Emrie identified above voluntarily.

33.     Upon information and good-faith belief, Defendant placed the telephone calls to Mrs. Emrie identified above under its own free will.

34.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place the telephone call identified above.

35.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place the telephone call identified above.

36.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

37.     Plaintiffs repeat and re-allege each and every factual allegation contained above.

38. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

39. Plaintiffs repeat and re-allege each and every factual allegation contained above.

40. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt, including, but not limited to: misrepresenting that Defendant does not send out any letters.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

41. Plaintiffs repeat and re-allege each and every factual allegation contained above.

42. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    g) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    h) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    i) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    j) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    k) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

43. Plaintiffs repeat and re-allege each and every factual allegation contained above.

44. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)

45. Plaintiffs repeat and re-allege each and every factual allegation contained above.

46. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiffs repeat and re-allege each and every factual allegation contained above.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Mrs. Emrie's cellular telephone, without the prior express consent of Mrs. Emrie, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Enjoining Defendant from placing any further telephone calls to Mrs. Emrie in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

    c) Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

    f) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    g) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: July 18, 2013.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
Bar No.60793
4235 Baltimore Ave.
Kansas City MO 64111
(816) 399-4380
tony@lacroixlawkc.com
*Lead Counsel for Plaintiff*
*Co-counsel with Weisberg & Meyers, LLC*

**Correspondence Address:**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK AND ZELMA EMRIE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of Alabama, Derek Emrie, who, after being duly sworn, depose and state that the facts contained in the foregoing Complaint, as filed with the United States District Court for the Eastern District of Missouri, are true and correct based upon personal knowledge.

_____   Dated: 9 July '13
Derek Emrie

SUBSCRIBED and SWORN TO before me this 9 day of July, 2013.

_____
Notary Public

_Justin Parmer_____
Print, type, or stamp commissioned nature of Notary Public

JUSTIN PARMER
NOTARY PUBLIC
ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES
AUGUST 20, 2014

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK AND ZELMA EMRIE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO._____ |
| ) | |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of Virginia, Zelma Emrie, who, after being duly sworn, depose and state that the facts contained in the foregoing Complaint, as filed with the United States District Court for the Eastern District of Missouri, are true and correct based upon personal knowledge.

_[signature]_      Dated: 7/1/13
Zelma Emrie

SUBSCRIBED and SWORN TO before me this 1st day of July, 2013.

_[signature]_
Notary Public

_Catherine Collins_
Print, type, or stamp commissioned nature of Notary Public

CATHERINE COLLINS
Notary Public
ID # 345954
EXP 11/30/2016
Commonwealth of Virginia

1